

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

POLYGROUP LIMITED
(MACAO COMMERCIAL
OFFSHORE), et al.,

      Plaintiffs and
      Counterclaim Defendants,

v.                           Civil Action No. 3:12cv48

GENERAL FOAM PLASTICS CORP.,

      Defendant and
      Counterclaim Plaintiff.

**MEMORANDUM OPINION**

This matter is before the Court on the MOTION TO DISMISS
FOR IMPROPER VENUE OR TO TRANSFER TO THE NORFOLK DIVISION
(Docket Nos. 9 and 13) filed by General Foarm Plastics, Corp.
("General Foam"). Defendant's Motion to Dismiss For Improper
Venue or, alternatively, to Transfer to the Norfolk Division.
(Docket No. 9.)  Because venue is improper in the Richmond
Division of the Eastern District of Virginia, the Motion to
Transfer to the Norfolk Division will be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.  Facts Alleged in the Complaint**

Before 2011, Polygroup Limited (Macao Commercial Offshore)
("Polygroup") and Nixan International Ltd. ("Nixan")

(collectively, "Plaintiffs") had an ongoing business relationship with General Foam. (Compl. ¶ 9.) Polygroup manufactured and sold highly seasonal items to General Foam and General Foam subsequently re-sold those items to large retailers such as Wal-Mart. (Compl. ¶ 9.) At times, General Foam loaned funds to Polygroup, and Polygroup paid off the loans by reducing or eliminating payments owed by General Foam for items purchased from Polygroup. (Compl. ¶ 9.)

In May 2011, Polygroup and General Foam severed their relationship. (Compl. ¶ 9.) At that time, there remained owing to General Foam several outstanding loan payments, and several inventory payments owing to Polygroup by General Foam. (Compl. ¶¶ 12, 16, 17, 22, 24, 27.) Polygroup alleges that the parties agreed to a "Separation Agreement" with various repayment terms. (Compl. ¶ 12.) Polygroup asserts the Separation Agreement included, among other provisions, a non-compete clause by which General Foam agreed not to compete with Polygroup, and an agreement that General Foam would loan Polygroup $12 million in January and February of 2012. (Compl. ¶ 12.) Polygroup claims that it has complied with the terms of the Separation Agreement, including making payments for amounts due through Nixan, an entity affiliated with Polygroup. (Compl. ¶¶ 13, 22.) Plaintiffs claim that General Foam has breached the Separation

Agreement in various ways.  (Compl. ¶¶ 35, 40, 41, 42, 43, 47, 48.)

## B.  Facts Relevant to the Motion to Transfer

Polygroup is a Macau corporation with its principal place of business in Macau, SAR.  Nixan is a Hong Kong corporation with its principal place of business in Hong Kong.  General Foam is a Virginia corporation, with its principal place of business in Norfolk, Virginia.  According to the Declaration of General Foam's president, Michael Fick, General Foam does not have offices, mailing addresses, facilities, or property interests within the Richmond Division.  (Declaration of Michael Fick ("Fick Dec.") at ¶¶ 3-4.)   Nor do any of General Foam's officers, directors, or employees live or work in the Richmond Division.  (Fick Dec. at ¶ 5.)  General Foam's registered agent is located in the Norfolk Division.  (Fick Dec. at ¶ 6.)

During 2011, General Foam received no orders originating from the Richmond Division.  (Fick Dec. at ¶ 7.)   However, General Foam sold goods to various retailers and those goods were shipped by General Foam into the Richmond Division.  (Fick Dec. at ¶ 8.)  For all shipments into the Richmond Division, the purchases were effected by the retailers' corporate headquarters located outside Virginia.  (Fick Dec. at ¶ 8.)  General Foam sold the goods FOB Factory and therefore completed the sales at General Foam's facility located in Virginia Beach.  (Fick Dec.

3

at ¶ 8.)  In total, General Foam shipped into the Richmond Division products with an invoice amount of $1,296,025.  (Fick Dec. at ¶ 8.)  Plaintiffs additionally allege that General Foam has solicited business from retailers with locations within the Richmond Division, but do not allege that those solicitations occurred within the Richmond Division.  (Pl. Br. in Opp. To Def.'s Mot. to Dismiss For Improper Venue or Transfer to the Norfolk Division ("Pl.'s Br.") at 5.)

**C.  Procedural Background**

Plaintiffs filed the Complaint in this Court on January 20, 2012, alleging Breach of Contract (Sale of Goods), Breach of Separation Agreement, and Constructive Trust.  Plaintiffs request damages in the amount of $5,248,691.05, plus interest, damages for breach of the Separation Agreement, a constructive trust in the amount of $2.1 million, plus costs and fees.

According to the Complaint, federal jurisdiction is conferred by 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  (Compl. ¶ 5.)  The Complaint alleges that venue is proper under 28 U.S.C. § 1391, because a substantial part of the events giving rise to the Complaint occurred in the Eastern District of Virginia and because General Foam is a Virginia corporation subject to personal jurisdiction in this district.  (Compl. ¶ 6.)  Plaintiffs contend the Court has personal

4

jurisdiction over General Foam because it is "incorporated pursuant to the laws of Virginia, is physically located in the Eastern District of Virginia, and because it regularly transacts business in the Commonwealth of Virginia, and within this District and Division." (Compl. ¶ 7.)

On February 21, 2012, following a motion for extension of time to file, General Foam filed its Answer and Counterclaim and a Motion to Dismiss for Improper Venue or Transfer to the Norfolk Division. (Docket No. 9.) Though General Foam does not contest personal jurisdiction in the Eastern District of Virginia, it argues the case was filed in an improper division of this Court. (Mem. in Supp. of Mot. to Dismiss For Improper Venue or Transfer to the Norfolk Division ("Def.'s Mot.") at 1.) Specifically, General Foam contends that all of its connections in Virginia are with the Norfolk Division; that it does not regularly conduct business in the Richmond Division; and that the Plaintiffs have provided "nothing more than a broad, conclusory allegation to the contrary." (Def.'s Mot. at 2.) If venue is found to be proper in the Richmond Division, General Foam argues that the case should be transferred to the Norfolk Division pursuant to 28 U.S.C. § 1404(a). (Def.'s Mot. at 2.) Plaintiffs claim General Foam has waived objections to venue by filing a permissive counterclaim.

5

**LEGAL STANDARD**

**A.    Improper Venue:  28 U.S.C. § 1406(a)**

Whether venue is proper in a particular federal district is determined pursuant to 28 U.S.C. § 1391 (2006).  Local Rule 3(C) uses the criteria of § 1391 to identify the proper division within the district in which a plaintiff may lay venue.  Local Civil Rule 3(C) provides that civil actions:

> for which venue is proper in this district
> shall be brought in the proper division, as
> well.  The venue rules stated in 28 U.S.C. §
> 1391 et seq. also shall apply to determine
> the proper division in which an action shall
> be filed.  For the purpose of determining
> the proper division in which to lay venue,
> the venue rules stated in 28 U.S.C. § 1391
> et seq. shall be construed as if the terms
> 'judicial district' and 'district' were
> replaced with the term 'division.'

Local Civil Rule 3(C) (emphasis added).  The Local Rule then provides that an action may only be brought in:

> (1)  a  [division]  where  any  defendant
> resides,  if  all  defendants  reside  in  the
> same  State,  (2)  a  [division]  in  which  a
> substantial part of the events or omissions
> giving  rise  to  the  claim  occurred,  or  a
> substantial part of the property that is the
> subject of the action is situated, or (3) a
> [division] in which any defendant is subject
> to  personal  jurisdiction  at  the  time  the
> action  is  commenced,  if  there  is  no
> [division] in which the action may otherwise
> be brought.

Therefore, to meet the requirement for venue in the Richmond Division, a defendant must meet at least one of the above three

6

requirements.   The "substantial part of the events" language of

§ 1391(b)(2) makes it possible for venue to be proper in several

judicial districts.   Power Paragon, Inc. v. Precision Tech. USA,

Inc., 605 F. Supp. 2d 722, 726 (E.D. Va. 2008) (citing Mitrano

v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004).

        Pursuant to 28 U.S.C. § 1406(a), when a case is filed

"laying venue in the wrong division or district" the court

"shall dismiss, or if it be in the interest of justice, transfer

such case to any district or division in which it could have

been brought."   28 U.S.C. § 1406(a) (2006).   The burden is on

the plaintiff to establish both venue and personal jurisdiction.

Corrosion Tech. Int'l, LLC v. Anticorrosive Industriales LTDA,

No. 1:10cv915, 2011 U.S. Dist. LEXIS 92945, at *6-7 (E.D. Va.

Aug. 19, 2011) (citing Bartholomew v. Va. Chiropractors Ass'n,

Inc., 612 F.2d 812, 816 (4th Cir. 1979), overruled on other

grounds, Ratino v. Med. Serv. of D.C., 718 F.2d 1260 (4th Cir.

1983)).

**B.    Transfer of Venue:  28 U.S.C. § 1404(a)**

        The controlling statute, 28 U.S.C. § 1404(a), provides

that: "For the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil

action to any other district or division where it might have

been brought."   28 U.S.C. § 1404(a) (2006); Koh v. Microtek

Int'l Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).   The

decision whether to transfer is committed to the sound discretion of the reviewing court. Id. The "party seeking discretionary transfer 'bears the burden of demonstrating that the balance of convenience among the parties and witnesses is strongly in favor of the forum to which transfer is sought.'" Nossen v. Hoy, 750 F. Supp. 740 (E.D. Va. 1990) (quoting Medicenters of Am., Inc. v. T&V Realty & Equip. Corp., 371 F. Supp. 1180, 1184 (E.D. Va. 1974)).

In considering whether to transfer venue, a district court must first determine whether the claims might have been brought in the transferee forum. Koh, 250 F. Supp. 2d at 630. Only when that inquiry is satisfied will the district court consider the propriety of transfer pursuant to § 1404(a). Four factors aid in the determination of the second factor: (1) the plaintiffs [initial] choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice.'" Reyonlds Foil Inc. v. Shwetha Pai, 2010 U.S. Dist. LEXIS 28473, at *20-21 (E.D. Va. 2010) (citing JTH Tax, Inc., v. Lee, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007) (quotation omitted)).

## DISCUSSION

General Foam asserts two grounds for its motion to transfer. First, it argues that venue is improper under the

8

provisions of 28 U.S.C. § 1391(a) and that transfer to the Norfolk Division, wherein venue is proper, would be appropriate under 28 U.S.C. § 1406(a). Second, General Foam argues that, assuming venue in the Richmond Division to be proper in the first instance, the convenience of the parties and witnesses makes transfer to the Norfolk Division appropriate under 28 U.S.C. § 1404(a). Plaintiffs disagree that venue in the Richmond Division is improper in the first instance. They assert that, in any case, Defendant waived any defects as to venue by filing a permissive counterclaim in this division. Finally, Plaintiffs dispute that the convenience of the parties and witnesses makes transfer to the Norfolk Division appropriate under 28 U.S.C. § 1404(a).

## A.   Improper Venue:   28 U.S.C. § 1406(a)

To meet the requirements of § 1391(a), made applicable to divisional venue by Local Rule 3(C), a plaintiff must file suit against a corporate defendant in a division that the defendant is subject to personal jurisdiction. Mullins v. Equifax Info. Servs., LLC, 2006 WL 1214024, at *4 (E.D. Va. 2006). General Foam contends that it is not subject to personal jurisdiction in the Richmond Division, so the action must be dismissed or transferred to the Norfolk Division, where it is uncontested that venue is proper. Plaintiffs argue that General Foam "resides" in the Richmond Division and that a substantial part

9

of the events giving rise to Plaintiffs' claims occurred in the Richmond Division.

A defendant that is a corporation is deemed to "reside" in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. Therefore, the provisions of § 1391(a)(1) and § 1391(a)(3) can be analyzed simultaneously. First, General Foam is a corporation. Corporate residence is determined by 28 U.S.C. § 1391(c). For purposes of Local Rule 3(C), the same principle would apply to determine which division is a proper venue within the district. That statute reads that a corporation is:

> deemed to reside in any [division] in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one [division] and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any [division] in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that [division] were a separate State, and, if there is no such [division], the corporation shall be deemed to reside in the [division] within which it has the most significant contacts. 28 U.S.C. § 1391(c).

Plaintiffs argue that, because General Foam is incorporated in the Commonwealth of Virginia, it is subject to personal jurisdiction based on residence in every division within the Commonwealth. (Pl.'s Br. at 2-3.) General Foam argues that its

10

status as a Virginia corporation is irrelevant to 'residence' for the purposes of laying venue. (Def.'s Reply in Supp. of Mot. To Dismiss for Improper Venue or Transfer to the Norfolk Division ("Def.'s Reply") at 5.)

In LG Elecs. Inc. v. Advance Creative Computer Comp., 131 F. Supp. 2d 804, 810 (E.D. Va. 2011), the Court held that the state of incorporation is immaterial to determining whether personal jurisdiction lies in the state as a whole because, in defining "residence," § 1391(c) makes no reference to the district in which the corporation is "incorporated" or "licensed to do business." Id., 28 U.S.C.A. § 1391(c). Consequently, personal jurisdiction over a corporation is not proper in the state merely because the corporation is incorporated in the state. Id. (citing 28 U.S.C. § 1391(c); 15 CHARLES A. WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3811).

Applying that reasoning to § 1391(c) as its terms apply to the laying of venue under Local Rule 3, a corporation is subject to jurisdiction in any division where it would be subject to personal jurisdiction if that division were a separate state. LG Electrics thus teaches the fact that General Foam is incorporated in Virginia is not relevant in determining residence.

Instead, in determining whether a corporation is subject to personal jurisdiction in any division, courts must examine whether personal jurisdiction would be proper in the judicial division based on the corporation's contacts with that division.

General Foam does not have offices, a mailing address, property, or facilities that are located in the Richmond Division. (Fick Dec. at ¶ 3-4.) General Foam does not have employees, officers, or directors living or working in the Richmond Division. (Fick Dec. at ¶ 5.) General Foam's registered agent is located in the Norfolk Division. (Fick Dec. at ¶ 6.)

During 2011, General Foam did not receive any orders from within the Richmond Division or process any orders within the Richmond Division. (Def.'s Reply at 9; Fick Dec. at ¶ 8.) Though some of the products purchased by large retail customers have passed through the Richmond Division, General Foam dealt with individuals located in the corporate headquarters of those retailers, all of which are located outside of Virginia. (Fick Dec. at ¶ 8.) The customers took title to the goods at the Virginia Beach facility, and then requested shipment to the Richmond Division.[1]

---

[1] The Fourth Circuit has held that sales into a district where a customer took title to the goods elsewhere is insufficient to support general jurisdiction over a defendant. Pacas v. Showell Farms, Inc., No 95-1811, 1996 U.S. App. LEXIS 8751 at *5-6 (4th

Plaintiffs place great stock in the claim that General Foam solicited business from large retailers, and "markets itself as having the ability to supply inventory in sufficient quantity to meet those retailers' demands for inventory on a national scale." (Pl.'s Br. At 7.) Additionally, Plaintiffs argue that General Foam pays its retail partners to advertise its products, knowing that these advertisements will reach "a broad base of consumers, including those in the Richmond Division." (Pl.'s Br. At 8.) However, the solicitation of national retailers occurs at the retailers' corporate headquarters, all of which are located outside the Commonwealth of Virginia. (Decl. of Eric Steinmeyer at ¶ 10.) The contacts of General Foam's customers is not relevant to the nature and extent of General Foam's contacts in the Richmond Division.

Plaintiffs also allege that their claims against General Foam arise out of the defendant's transaction of business in the Richmond Division in the following ways: (1) General Foam shipped approximately $1.3 million dollars of inventory to retailers in 2011, and the shipped inventory constitutes a part of the goods for which payment is at issue in the instant case; (2) General Foam breached the Separation Agreement by soliciting

---

Cir. Apr. 22, 1996). In this case, General Foam shipped products with an invoice amount of $1,296,025 into the Richmond Division, with approximately $1,179,485 to a single customer, but title was transferred elsewhere. (Fick Dec. at ¶ 8.)

13

its contacts in the Richmond Division; and (3) General Foam's customers sell the products at locations throughout the Richmond Division.

When, as here, a claim is "based on a contract which had substantial connection with that [Division]" then a plaintiff's claims can be said to arise out of connections with that forum. McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957). However, the record here shows that the contract at issue here has a substantial connection only with the Norfolk Division. Plaintiffs entered into the contract with General Foam, knowing that it was headquartered in Norfolk and did its business in the Norfolk Division. The actions which the Plaintiffs allege give rise to this suit (i.e., breach of that contract), occurred in the Norfolk Division.

Thus, the record here establishes that venue is improper in the Richmond Division. Under 28 U.S.C. § 1391(a)(1), General Foam is not a resident of the Richmond Division. A substantial part of the events or omissions giving rise to the claim did not occur within the Richmond Division. Therefore, pursuant to 28 U.S.C. § 1406(a), the case will be transferred to the Norfolk Division which is a proper venue.

## A. Waiver of Venue Objection

Plaintiffs argue that General Foam asserted permissive counterclaims in its Answer and Counterclaim (Docket No. 9) and

14

thus have waived any objection to venue in this Division.
(Pl.'s Br. at 17.)   General Foam was following this Court's
Scheduling Order when filing its Counterclaim and that order
explains that abiding by its terms is not a waiver.   In any
event, the Counterclaim was of a compulsory nature because it
arose "out of the same transaction or occurrence that is the
subject matter of the opposing party's claim."   F.R. CIV. P.
13(a).   Filing a compulsory counterclaim is not a waiver of
venue especially where, as here, the Court required that it be
filed and directed that doing so would not be a waiver.

       There is no controlling authority from either the Supreme
Court or the Fourth Circuit on this issue.   Plaintiffs rely
solely on Medicenters of Am., Inc. v. T&V Realty & Equip. Corp.,
371 F. Supp. 1180, 1184 (E.D. Va. 1974).   See Dee-K Enters v.
Heveafil SDN Bhd., 985 F. Supp. 640, 643 (E.D. Va. 1997).   In
Dee-K, this Court explained that, although courts in the past
have split on the issue, "the trend in more recent cases is to
hold that no Rule 12(b) defense is waived by the assertion of a
counterclaim, whether permissive or compulsory."   15 Charles A.
Wright & Arthur R. Miller, *supra,* § 1397, at 790; *see,* Chase v.
Pan-Pacific Broadcasting, Inc., 750 F.2d 131, 132 (D.C. Cir.
1984); Neifeld v. Steinberg, 438 F.2d 423, 428 n. 10 (3rd Cir.
1971).   The Court subscribes to the approach taken in the more
recent cases.

**CONCLUSION**

For the foregoing reasons, General Foam's MOTION TO DISMISS FOR IMPROPER VENUE OR TO TRANSFER TO THE NORFOLK DIVISION (Docket Nos. 9 and 13) will be denied in part and granted in part.   General Foam's MOTION TO DISMISS FOR IMPROPER VENUE (Docket No. 9) will be denied.   However, because venue is improper in the Richmond Division of the Eastern District of Virginia, the General Foam's MOTION TO TRANSFER TO THE NORFOLK DIVISION (Docket No. 13) will be granted.

It is so ORDERED.

_____ /s/     _Rgr_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:   June 27, 2012

16